UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAPRICORN GOODS
WHOLESALERS, LLC

   Petitioner,

v.

                     Case No. 21-mc-51128
                     Hon. Denise Page Hood

UNITED STATES OF AMERICA,

   Respondent.
_____/

ORDER DENYING INITIATING MOTION/PETITION
TO REQUEST REMISSION OF SEIZED FUNDS (ECF No. 1)
AND
DISMISSING MISCELLANEOUS ACTION

This matter is before the Court on Petitioner Capricorn Goods Wholesalers, LLC's ("Capricorn's") August 30, 2021 Initiating Motion/Petition to Request Remission of Seized Funds (ECF No. 1) pursuant to Fed. R. Crim. P. 41(g). A hearing was held on October 6, 2021.

### I.  BACKGROUND

This action is a companion case to a forfeiture action, *United States of America v. Currency $3,840,772.58, et al.*, Case No. 21-cv-10928.  In separate actions, Advotis General Trading, LLC ("Advotis"), Perfect Frame, LLC ("Perfect

Frame"), and Camaro Impex General Trading, LLC ("Camaro"), also seek remission of seized funds in the forfeiture action under Fed. R. Crim. P. 41(g). See, *Advotis General Trading, LLC v. United States of America,* 21-mc-50963; *Perfect Frame, LLC. v. United States of America,* 21-mc-51029; *Camaro Impex General Trading, LLC,* 21-mc-51162.

Capricorn alleges that it is a trading company based in Dubai, United Arab Emirates which "imports and exports throughout the world." (ECF No. 1, PageID.1). In dispute are 21 seizures made between November 13, 2020, to December 31, 2020 totaling $353,847.00 from Petitioner's Dubai-based banks "while in transit to Petitioner's vendors." (*Id*., PageID.3). The intermediary banks from which the funds were seized are Citibank (three seizures), Bank of New York (one seizure), and JP Morgan Chase (17 seizures). (*Id.*, PageID.4).

Capricorn states that the owners of Advotis and Perfect Frame contacted Assistant United States Attorney Gjon Juncaj ("AUSA Juncaj") and Internal Revenue Service ("IRS") Special Agent Derek Newsome, who acknowledged responsibility for the seizures. (*Id.).* Capricorn states that "[a]t no time prior to the first seizure on November 13, 2020 was [it] informed that [its] wire transfers were suspicious or subject to seizure and forfeiture . . ." (*Id*., PageID.6). Capricorn seeks remission of the funds pursuant to Fed. R. Crim. P. 41(g).

The Government states in response that the funds in dispute were seized "pursuant to federally authorized seizure warrants" and that the action should be

2

dismissed. (ECF No. 4, PageID.28). It notes that the seizure was initiated under seal in the United States District Court for the Eastern District of Michigan. (*Id*., PageID.29). As authorized by the sealing court, the Government states that the docket number of the sealed forfeiture action was provided to Capricorn's attorney Rebecca Castaneda after being advised that she represented another entity, Advotis, in the forfeiture action. (*Id.,* PageID.29, n. 2). The Government states that on August 11, 2021, it filed an Amended Complaint for Forfeiture and that the Amended Complaint for Forfeiture was unsealed on August 26, 2021. (*Id*., PageID 30). Pursuant to the Court's September 28, 2021 order, the Government filed its Second Amended Complaint on September 30, 2021. Case No. 21-cv-10928, ECF Nos. 8-9.

## II.  APPLICABLE LAW

Under Fed. R. Crim. P. 41(g):

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Rule 41(g), previously codified as 41(e), is an equitable remedy. *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989). In *Shaw,* the Court found that the lower court properly denied Shaw's Rule 41(e) motion for return of her property "on

3

the grounds that there was a specific remedy provided for at law which she failed to pursue." *Id.*; *see also* United *States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988)("[W]hen a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant. The district court did not err in denying the Rule 41(e) motion").

Forfeiture actions in rem such as the underlying action are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Act ("Rule G"). Under Rule G(3)(c)(ii)(B), "the authorized person or organization must execute the warrant and any supplemental process on property in the United States as soon as practicable unless . . . the court orders a different time when the complaint is under seal, the action is stayed before the warrant and supplemental process are executed, or the court finds other good cause." Under G(4)(b)(iii)(B) (Notice to Known Claimants), "Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case."

### III. ANALYSIS

Capricorn seeks the remission of the seized funds, under Fed. R. Civ. P. 41(g), arguing in effect that the Government has no legitimate reasons for failing to remit the seized funds. (ECF No. 1, PageID.7). Capricorn states that it is "unable to

4

determine the statutory basis for the seizure of funds; the status of the funds; [or] the status of any seizure and/or forfeiture actions taken on behalf of the United States." (*Id.*, PageID.10). Capricorn also alleges that "[t]here are no facts to support that venue is proper in the District of Eastern Michigan" under 28 U.S.C. § 1391. (*Id.*, PageID.12).

Capricorn states further that probable cause did not exist for the seizure and that a preponderance of the evidence does not support the forfeiture of the funds as required by the U.S. Department of Justice Asset Forfeiture Manual, Chapter 2, Section I, Seizure and Restraint Overview; Internal Revenue Manual 9.7.2.7.1, Seizure Warrant, and Internal Revenue Manual 9.7.2.7.8, Burden of Proof. (*Id.*, PageID.10). Capricorn states that while the Government "has retained control of the seized funds for over 290 days as of the day of the petition, it "has yet to provide notice . . . of any seizure or forfeiture proceedings." (*Id.*, PageID.12).

In response, the Government contends that the petition should be dismissed for lack of subject matter jurisdiction, arguing that "[i]t is well established that a request for the return of property under Rule 41(g) should be dismissed where forfeiture proceedings have been initiated by the United States." (ECF No. 4, PageID.30)(*citing Shaw, supra,* 891 F.2d at 603). The Government argues that Rule G "provides Petitioner with an adequate remedy under the law" which "is replete with procedural protections for claimants of seized assets in civil judicial

5

forfeiture proceedings." (*Id.*, PageID.31).

As to Capricorn's claim that it was not given timely notice of the seizure, the Government cites Rule G(3)(c)(ii)(B), which states that the "court may order a different service of process time 'when the complaint is under seal, the action is stayed before the warrant and supplemental process are executed, or the court finds other good cause.'" (*Id.*, PageID.32). The Government notes that Ms. Castaneda was informed that the forfeiture had been already initiated before she filed the present action and that at the time of the Government's response the forfeiture action was already unsealed. (*Id.*, PageID.32).

The Government is correct that "Rule 41(g) motions cannot be brought after the government has initiated civil statutory proceedings where the aggrieved party has an adequate remedy through those proceedings." *Mercedes Benz of St. Clair Shores v. Drug Enf't Admin.*, No. 19-11954, 2019 WL 6877889, at *3 (E.D. Mich. Dec. 17, 2019)(Levy, J.)(*citing Brown v. United States*, 692 F.3d 550, 552–53 (6th Cir. 2012))(upholding the district court's dismissal for lack of subject matter jurisdiction over a Rule 41(g) motion "where the government initiated civil proceedings" providing the claimant "with an adequate remedy for vindicating her interest in the seized funds"); *See also Shaw,* 891 F.2d at 603 ("Under standard equity doctrine, where there is an adequate remedy at law it must be pursued."). Capricorn does not dispute that in this case a forfeiture action was initiated on or

6

around April 26, 2021. Once the complaint was unsealed, Capricorn was able to make a claim for remission of the seized funds in that action. Capricorn's argument that it does not have an adequate remedy at law is without merit.

Capricorn's claims can be addressed in the underlying forfeiture proceedings. Its argument that the Government cannot meet its burden of proof or has failed to provide a basis for jurisdiction can be challenged under Rule G(2), which requires that the Complaint must state grounds for subject matter jurisdiction, in rem jurisdiction, and venue as well as the basis for "a reasonable belief" that the Government can meet its burden of proof.   While Capricorn claims that it cannot determine the statutory basis for the seizure of funds, Rule G(2)(e) requires the Complaint to "identify the statute under which the forfeiture action is brought." Capricorn's arguments that it was not provided timely notice of the seizure or the statutory basis of the forfeiture, and that the Government did not commence a timely civil forfeiture action, can be properly raised in the forfeiture action.[1]

---

[1] While Capricorn claims that the forfeiture action was not timely, under Rule G, "the government may secure an order sealing the complaint in a civil forfeiture action; such a seal may be ordered for reasons including protection of an ongoing criminal investigation." *United States v. Real Prop. Located at 6250 WT Montgomery Rd., Bexar Cty., San Antonio, Texas*, No. SA:14-CV-584-DAE, 2014 WL 12886833, at *1 (W.D. Tex. Nov. 25, 2014)(internal citations omitted); Rule G(3)(c)(ii)(B). The Government's Second Amended Complaint for Forfeiture states that a sealed complaint for forfeiture was filed "on or about April 26, 2021." (Case No. 21-10928, ECF No. 9, Page ID 175).

Because Capricorn's challenges to the seizure can be wholly addressed in the underlying forfeiture action, the current Petition will be dismissed. Capricorn has an adequate remedy at law before the underlying forfeiture action. The statutory provisions of the forfeiture action and applicable Rules must be followed.

## IV. CONCLUSION AND ORDER

For the reasons set forth above,

**IT IS ORDERED** that Capricorn's Initiating Motion/Petition for Remission of Seized Funds (ECF No. 1) is **DENIED and DISMISSED.**

**IT IS FURTHER ORDERED** that this miscellaneous action is **DISMISSED**.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: September 6, 2023